UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAM GHAZARYAN,<br><br>               Petitioner,<br><br>   v.<br><br>SECRETARY OF THE U.S.<br>DEPARTMENT OF HOMELAND<br>SECURITY, et al.,<br><br>               Respondents. | Case No. 5:26-cv-01112-PD<br><br>**ORDER GRANTING<br>PETITION FOR WRIT OF<br>HABEAS CORPUS** |

Mariam Ghazaryan ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus seeking release from Respondents' custody at the Adelanto Detention Facility in Adelanto, California.  Dkt. No. 1.

## I.    Background

Petitioner is a citizen of Armenia who entered the United States on approximately April 1, 2023, at the San Ysidro port of entry, with her son. Dkt. No. 1 at 6.  Petitioner was detained by the Department of Homeland Security ("DHS") and on April 2, 2023, was released on conditions that included completing check-ins and wearing GPS monitoring devices. Petitioner relocated to the greater Los Angeles area and timely filed an

asylum application. *Id.* Petitioner alleges she completed all conditions that were required. On February 28, 2026, Petitioner was re-detained by DHS during an Immigration and Customs Enforcement ("ICE") check-in appointment and was transferred to the Adelanto Detention Center, where she remains today. Prior to her re-arrest, Petitioner did not receive written notice of the reason for her re-detention, ICE did not assess whether she presented a flight risk or danger, and did not afford her a hearing before a neutral decisionmaker to determine if her re-detention was justified. Petitioner has no criminal history. According to Petitioner, she has a supportive network in the United States including her husband, two sons, mother, father, two brothers, and five to six cousins. *Id.*

## II. Discussion

Petitioner asserts her current detention violates procedural due process under the Fifth Amendment. Dkt. No. 1 at 11.

Respondents' response to the Petition does not address the procedural due process claim and does not dispute the facts raised in the Petition. Respondents only argue that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (*Bautista*), and that to the extent Petitioner is entitled to any remedy, it is at most, a bond hearing before an Immigration Judge under 8 U.S.C. § 1226(a). Dkt. No. 6 at 2. However, as stated by the Court during the hearing, Petitioner appears to not be a member of the *Bautista* class, and in any event, is entitled to greater relief.

### A. Petitioner's Detention Violates Procedural Due Process

In several recent decisions, courts in this District have found that immigration authorities violated or likely violated due process by re-detaining noncitizens who had been released shortly after their entry to the United

States without notice or an opportunity to be heard.  *See Cruz v. Lyons, et al.*, No. 5:25-cv-02879-MCS-MBK (C.D. Cal. Nov. 6, 2025) at Dkt. 12 (granting TRO ordering release of noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in).  *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest.  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

### 1.    Private Interest

The Court finds that Petitioner has a substantial liberty interest in maintaining her settled life out of custody.  Petitioner has resided in the United States for nearly three years since she was released on conditions on April 2, 2023.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles h[er] to constitutional due process before he is re-incarcerated."  *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Garro Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a

3

protected interest in their liberty.") (collecting cases).  Petitioner's release included "an implicit promise that parole will be revoked only if [s]he fails to live up to the parole conditions."  *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'"  *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

According to Petitioner, she has lived in the United States for over two years with her immediate family which includes her husband, two sons, mother, father, two brothers, and five to six cousins.  Dkt. No. 1 at 6.  The Court therefore concludes that—consistent with decisions from this District and others—the Due Process Clause protects Petitioner's substantial interest in maintaining her freedom from confinement.  *See Cruz*, No. 5:25-cv-02879, Dkt. 12 at 6; *Yataco*, 2025 WL 4065463, at *1; *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); *Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four years" of parole). *See also Manzanarez v. Bondi*, No. 1:25-cv-01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance).

### 2.  Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the Court finds that "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of his liberty interest absent a pre-detention hearing."  *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7. The "primary" purpose of immigration detention is to ensure a noncitizen's

4

presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis,* 533 U.S. 678, 697 (2001). But Petitioner has not been afforded any process to determine whether her detention in fact advances either purpose.

The Petition suggests that Petitioner is not a flight risk or danger. Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Further, regardless of the statute that authorized her release, Petitioner's release was predicated on the Government's determination that Petitioner did not present a sufficient danger or flight risk requiring her detention. *See* 8 C.F.R. § 236.1(c)(8) (providing that the Government may release a noncitizen under Section 1226 "provided that the alien [] demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"); 8 C.F.R. § 212.5 (permitting release on parole under Section 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding"). At the hearing, Respondents did not dispute that Petitioner was previously released on conditions.

Therefore, the Court concludes that there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

### 3. Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a

predetention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that the Government's lack of constitutionally adequate procedures has resulted in her unnecessary detention, and the Government's interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process.

## III.   Order

For the foregoing reasons, the Petition is GRANTED. The Court ORDERS as follows:

1. Respondents shall immediately release Petitioner under the conditions of her prior release, and

2. Respondents are enjoined from re-detaining Petitioner during the pendency of her removal proceedings absent written notice and a hearing prior to re-detention where Respondents must prove by clear and convincing evidence that the Petitioner is a flight risk or danger

6

to the community and that no alternatives to detention would mitigate those risks.

IT IS SO ORDERED.

DATE: March 27, 2026

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

7